**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

WAYNE BAPTISTE,

    Petitioner,

v.

J.V. FLOURNOY, Warden,

    Respondent.

CIVIL ACTION NO.: 2:17-cv-49

### ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Wayne Baptiste ("Baptiste"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Motion to Dismiss, (doc. 6), and Baptiste filed a Response, (doc. 8). For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Respondent's Motion, **DISMISS** Baptiste's Section 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Baptiste *in forma pauperis* status on appeal.

### BACKGROUND

A jury in the United States District Court for the Southern District of Florida convicted Baptiste of conspiring to possess with intent to distribute cocaine and cocaine base. (Doc. 6-3.) On June 6, 2000, the Southern District of Florida sentenced Baptiste to 360 months' imprisonment. (Doc. 6-4.) Baptiste appealed, and the Eleventh Circuit Court of Appeals affirmed his convictions and sentence. (Doc. 6-5.)

Since his convictions, Baptiste has brought numerous post-conviction motions and petitions attacking his conviction and sentence obtained in the Southern District of Florida in the various districts where he has been confined and in the Eleventh Circuit. See, e.g., Pet., Baptiste v. Pearson, 2:06-cv-2305 (W.D. Tenn. May 8, 2006), ECF No. 1; Mot., Baptiste v. United States, 1:08-cv-23070 (S.D. Fla. Nov. 4, 2008), ECF No. 1; Pet., Baptiste v. Rivera, 1:10-cv-2526 (D.S.C. Sep. 29, 2010), ECF No. 1; Mot., Baptiste v. United States, 1:16-cv-22660 (S.D. Fla. June 25, 2016), ECF No. 1; Appl., In re Baptiste, No. 11-13321 (11th Cir. July 25, 2011); Appl., In re Baptiste, No. 16-12477 (11th Cir. May 16, 2016); Appl., In re Baptiste, No. 16-13589 (11th Cir. June 14, 2016).

Undeterred by his well-established track record of defeat, Baptiste has now filed yet another Section 2241 Petition in this Court attacking his sentence on numerous grounds. (Doc. 1.) His contentions include: that the sentencing court applied an invalid mandatory Guideline range, in violation of his rights under the Fifth and Sixth Amendments; that the court labeled him a career offender based on a "non existent" predicate offense and thereby improperly enhanced his sentence; and that this Court should revisit his sentence by applying the United States Sentencing Guidelines as advisory rather than mandatory. (Id. at pp. 7–8.) As relief, Baptiste requests "to be sentence [sic] to a base offense level of 36 guideline range of 324 months or immediate release." (Id. at p. 8.)

Respondent moves to dismiss Baptiste's Petition, contending that he does not satisfy the requirements of 28 U.S.C. § 2255(e)'s "saving clause" in light of the Eleventh Circuit's decision in McCarthan v. Director of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017). (Doc. 6.) Baptiste filed a Response to the Motion to Dismiss. (Doc. 8.)

**DISCUSSION**

**I.      Whether Baptiste can Proceed Pursuant to Section 2241**

Section 2241 habeas corpus petitions "are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement." Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (internal punctuation and citation omitted). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective". Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014); Turner, 709 F.3d at 1333 (noting the petitioner bears the burden of establishing that the remedy under Section 2255 was inadequate or ineffective to test the legality of his detention). A motion to vacate covers only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence. Cf. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper. . . . A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence.") (internal citations omitted)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.").

> Section 2255(e) provides:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S. C. § 2255(e) (emphasis added). The above-emphasized portion of Section 2255(e) is referred to as the "saving clause." "Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy" the saving clause. McCarthan, 851 F.3d at 1081.

After McCarthan, to determine whether a prisoner satisfies the saving clause, a court need only analyze "whether the motion to vacate is an adequate procedure to test the prisoner's claim." Id. at 1086. To answer this question, a court should "ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy." Id. at 1086–87. In short, when reviewing a Section 2241 petition, courts should look to whether the petitioner's claim is of a kind that is "cognizable" under Section 2255. If so, the petitioner cannot meet the "saving clause" and cannot proceed under Section 2241. To be sure, "[t]he remedy [afforded] by [a Section 2255] motion is not ineffective unless the procedure it provides is incapable of adjudicating the claim." Id. at 1088. Whether the petitioner could obtain relief under Section 2255 is not relevant to the McCarthan test. Thus, the "remedy" that must be "inadequate or ineffective" to trigger the saving clause is "the available process—not substantive relief." Id. at 1086.

"Allowing a prisoner with a claim that is cognizable in a motion to vacate to access the saving clause nullifies the procedural hurdles of section 2255[.]" Id. at 1090. For example,

4

"[t]he mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Id. at 1091 ("A federal prisoner has one year to move to vacate his sentence under section 2255. But when a prisoner uses the saving clause to bring a claim that is cognizable in a motion to vacate, he bypasses his statute of limitations and gains limitless time to press claims that prisoners who meet the requirements of section 2255 do not receive."); Body v. Taylor, No. 1:15-CV-00311-AKK, 2015 WL 1910328, at *6 (N.D. Ala. Apr. 27, 2015), *appeal dismissed*, (Oct. 28, 2015) (quoting Wofford, 177 F.3d at 1245 (Cox, J., concurring specially) ("I also agree that the remedy by motion under § 2255 is not rendered 'inadequate or ineffective' because an individual is procedurally barred from filing a second or successive § 2255 motion."); United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (bars on successive motions and statute of limitations do not render § 2255 motion inadequate or ineffective); and Charles v. Chandler, 180 F.3d 753, 756–58 (6th Cir. 1999) (statute of limitations bar does not make Section 2255 inadequate or ineffective)).

The Eleventh Circuit emphasized that the saving clause has meaning because not all claims can be remedied by Section 2255. "A prisoner sentenced by a federal court, for example, may file a petition for a writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations." McCarthan, 851 F.3d at 1092–93 (citing Hajduk v. United States, 764 F.2d 795, 796 (11th Cir. 1985)). "The saving clause also allows a prisoner to bring a petition for a writ of habeas corpus when the sentencing court is unavailable. Other circuits have held that a prisoner may file a petition for a writ of habeas corpus if his sentencing court has been dissolved." Id. at 1093 (quoting Prost v. Anderson, 636 F.3d 578, 588 (10th Cir. 2011) (explaining that, for military prisoners, "the resort to § 2241 is the

5

norm rather than the exception . . . due to the evanescent nature of court martial proceedings: the sentencing court literally dissolves after sentencing and is no longer available to test a prisoner's collateral attack")). Additionally, "perhaps practical considerations (such as multiple sentencing courts) might prevent a petitioner from filing a motion to vacate." Id. (citing Cohen v. United States, 593 F.2d 766, 771 & n.12 (6th Cir. 1979)). However, "only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'" Id. (quoting Samak, 766 F.3d at 1278 (W. Pryor, J., concurring) (quoting 28 U.S.C. § 2255(e)). It is not enough to trigger the "saving clause" to claim that new case law exists, that new facts have come to light, or that the Section 2255 court got it wrong. Id. at 1086, 1090. "If the saving clause guaranteed multiple opportunities to test a conviction or sentence, then the bar against second and successive motions under section 2255(h) would become a nullity." Id. at 1090.

This case does not present the "limited circumstances" warranting application of the saving clause. Baptiste's claims go to the heart of his sentence and are the very types of claims that Section 2255 encompasses. Indeed, as his requested relief, he asks that this Court resentence him or grant him immediate release. (Doc. 1, p. 8.) He does not seek to modify the execution of his sentence or the nature of his confinement but instead directly challenges the validity of his sentence. Thus, he would have been permitted to bring his claims in a motion to vacate or set aside, and Section 2255 provides Baptiste with an adequate procedure to test those claims. Indeed, Baptiste has repeatedly asserted many of the same arguments he brings in this Petition in Section 2255 proceedings before the Southern District of Florida and the Eleventh Circuit.

Baptiste's Response to the Motion to Dismiss is largely non-responsive to the Motion and ignores the holding in McCarthan. (Doc. 8.) In his Petition, Baptiste directly challenges the

Southern District of Florida's sentencing decision and requests that this Court resentence him. (Doc. 1.) However, in his Response, he somehow contends that Respondent has "boldly presumed" that he is "challenging the validity of his sentence." (Doc. 8, pp. 1–2.) It is neither bold nor erroneous to state that Baptiste challenges the validity of his sentence when that is exactly what he does throughout his Petition.

Baptiste's Response also demonstrates either a disregard for or an ignorance of the English language. He attempts to fit his Petition into the parameters set by McCarthan by claiming that "his challenges are to the way the District Court executed his sentence." (Id. at p. 2.) However, the word "execute" means to carry out fully and to put completely into effect.[1] The substance of Baptiste's arguments (as well as the remainder of his Response) makes clear that his gripe is not with those who are carrying out his sentence or with the manner his sentence is being put into effect. Rather, he takes issue with the district court's imposition of his sentence.[2] Consequently, Baptiste does not cast a proper Section 2241 Petition simply by misusing the word "executed."

It appears that, though Baptiste labels his filing a Section 2241 Petition, he is actually attempting to bring a second or successive Section 2255 motion. Pursuant to Section 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[1] "Execute", https://www.merriam-webster.com, (last visited Oct. 19, 2017).

[2] Indeed, in his Response, Baptiste also states that he challenges "the way the District Court in Miami executed and imposed sentence upon him." (Doc. 8, p. 1 (emphasis added).)

7

28 U.S.C. § 2255(h). However, Baptiste must first obtain permission from the Eleventh Circuit before filing a second Section 2255 motion. Nevertheless, Baptiste has available to him an actual remedy under Section 2255: the right to request permission to file a second or successive Section 2255 motion under Section 2255(h). The fact that the Eleventh Circuit has denied Baptiste's applications to file a second or successive Section 2255 motion does not render the remedy afforded by that statute "unavailable" to him. See Harris v. Warden, 801 F.3d 1321, 1323 (11th Cir. 2015) ("Regardless of whether the [Circuit from which permission is sought] will actually certify a successive motion based upon the above facts and legal theories, § 2255 is adequate to test the legality of [the petitioner's] sentence. Accordingly, § 2255(e)'s saving[ ] clause does not apply."). As such, Baptiste cannot rely upon Section 2255(e) to proceed with his Section 2241 Petition.

Further, Baptiste's Section 2255 remedy is not nullified merely because he cannot overcome procedural requirements for relief. See McCarthan, 851 F.3d at 1086 ("[A] procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy."). Thus, the fact that Baptiste previously brought a Section 2255 motion and faces the successiveness bar in Section 2255(h) does not itself render a Section 2255 motion inadequate or ineffective. Id.; Gilbert v. United States, 640 F.3d1293, 1308 (11th Cir. 2011). Rather, "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity' to raise his claim in the context of a § 2255 motion." Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015).

Section 2255 provides Baptiste an "adequate procedure" to test his conviction and sentence. This procedure is clearly available to him, as he already filed Section 2255 motions, and he has sought permission from the Eleventh Circuit to file a second or successive motion.

8

Consequently, Baptiste cannot show that Section 2255's remedy is "inadequate or ineffective" to challenge his sentence, and he "cannot now use the saving clause to make [his] claim[s] in a petition for a writ of habeas corpus." McCarthan, 851 F.3d at 1099–1100. Because Baptiste cannot satisfy the saving clause, his claims are procedurally barred, and the Court cannot reach the merits of his arguments.

For these reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS** Baptiste's Section 2241 Petition.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Baptiste leave to appeal *in forma pauperis*. Though Baptiste has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Baptiste's Petition and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 6), **DISMISS** Baptiste's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Baptiste leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Baptiste and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 19th day of October, 2017.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA